| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF WASHINGTON |

| | |
|---|---|
| FARMERS INSURANCE COMPANY OF WASHINGTON, as subrogee for Matthew and Caryn Hess,<br><br>Plaintiff,<br><br>v.<br><br>FERGUSON ENTERPRISES, INC., a foreign corporation,<br><br>Defendant. | NO: CV-10-215-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the court on Plaintiff Farmers Insurance Company of Washington's ("Farmers") Motion to Remand (Ct. Rec. 8). Having reviewed the notice of removal and the attached complaint (Ct. Rec. 1), the Defendant Ferguson Enterprises, Inc.'s ("Ferguson") declaration supporting the notice of removal (Ct. Rec. 2), the Plaintiff's motion (Ct. Rec. 8) and supporting declaration (Ct. Rec. 9), the Defendant's supplemental declaration supporting the notice of removal (Ct. Rec. 12), Defendant's memorandum and declaration opposing the motion to remand and second supplemental declaration supporting the notice of

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 1

removal (Ct. Recs. 14 & 15), Plaintiff's reply memorandum (Ct. Rec. 18), and the remaining record, the Court is fully informed.

The Plaintiff's motion to remand asserts that the Defendant did not provide specific facts with the notice of removal to support that the amount in controversy in this case is greater than $75,000. The Defendant then provided additional facts through exhibits attached to the supplemental declaration supporting the notice of removal, filed five days after Plaintiff's motion (Ct. Rec. 15). Plaintiff argues that the Defendant's supplemental declaration should be stricken on the basis that the Defendant would have had to include the factual support for the jurisdictional amount in controversy with the notice of removal or submit it as supplemental support within 30 days of filing the notice of removal.

28 U.S.C. § 1446(a) requires a defendant removing a case to federal court to provide "a short and plain statement of the grounds for removal" in the removal notice. The defendant may freely amend the notice of removal prior to the expiration of the thirty-day period following defendant's receipt of the complaint. 28 U.S.C. § 1446(b); 14C FED. PRAC. & PROC. § 3733. After the thirty-day period for seeking removal has passed, "the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice." 14C FED. PRAC. & PROC. § 3733. "Defective allegations of citizenship may be amended, upon terms, in the trial . . . courts." 28

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 2

U.S.C. § 1653; *see also Kanter v. Warner-Lambert Co.* However, an amendment "to clarify 'defective' allegation of jurisdiction previously made" may be permissible after the thirty-day period lapses. *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969). By contrast, amendment is improper where a defendant seeks to amend its notice of removal to add a new ground for removal, such as diversity of citizenship when the action has been removed on the ground of federal question jurisdiction. *Lupo v. Human Affairs International, Inc.*, 28 F.3d 269, 274 (2dCir. 1994).

The Defendant filed its supplemental declaration supporting the notice of removal after the thirty-day period expired in this matter. However, the additional material and allegations simply provided additional facts to cure the defect of sparse and unspecific facts in the original notice. They did not add an additional basis for jurisdiction. Therefore, the Court denies Plaintiff's motion to exclude Defendant's supplemental declaration and supporting documents.

Defendant maintains in its memorandum opposing the motion to remand that the proper action in place of remand, should the Court order remand, is dismissal. However, in making that assertion, Defendant cites no authority binding on this Court or even persuasive authority for the Court to take that action. The Court, therefore, rejects the proposal to dismiss the case at this juncture. In addition, the Court finds that Defendant's supplemental declaration and supporting documents

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 3

support Defendant's contention in the removal pleadings that this case involves a controversy in the amount of $75,000 or more. Therefore, the Court finds that diversity jurisdiction has been established and that this Court has subject matter jurisdiction this case. Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**:

1. The Plaintiff's Motion to Remand (**Ct. Rec. 8**) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 21st day of September, 2010.

                                  *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                  United States District Court Judge

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 4